UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. IFEOMA EZEKWO, MD,

                Plaintiff,

-against-

OPMC (OFFICE OF PROFESSIONAL MISCONDUCT) NEW YORK, *et al.*,

                Defendants.

21-CV-1274 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated her rights. For the reasons set forth below, the Court dismisses Plaintiff's claims, but grants Plaintiff leave to file a second amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Id. (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff is a physician licensed in the State of New York for the practice of Ophthalmology and Internal Medicine with offices in Bronx County, New York. Plaintiff brings this action under 42 U.S.C. § 1983,

> for violations of certain protections guaranteed to them by the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendants acting under color of law in their various capacities as Federal agents, officers of the law and municipalities in various capacities and in collusion together and severally to others thus affiliated in mischief and common understanding and their secret and sinister intent to cause harm to plaintiff in their capacities and thus deprive Plaintiff of her civil rights that are guaranteed her under the constitution of the United States.

(ECF 3, at 2.)

Plaintiff also brings claims against Defendants "who are acting as Federal Agents, judicial officers, other municipal officers and other associated individuals in concert" pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). (*Id.*)

Plaintiff names the following parties as Defendants: "OPMC (Office of Professional Misconduct) New York";[1] New York State Department of Health; Paula Breen; New York State Commissioner of Health; Bill Fidell; New York Inspector General; Roy Nemerson, Esq; St. Barnabas Hospital, Bronx, New York; Director of Medical Staff of St. Barnabas Hospital; Dara Govan; "DEA USA and DEA New York State US Dept. of Justice"; Jonathan Rivera; Raymond P. Donovan; Juana M. Hill; Englewood Hospital, Englewood, New Jersey; Christopher Quirk; Thornton White; Michael Christiansen; "City of Englewood and Englewood Police Department"; Judge Liliana Deavila Silebi; "New York State Medicaid"; "Case Presiding Judges of OPMC NYS"; and "John or (Jane) Does 1-10."

---

[1] The Court understands OPMC to be a referring to the New York State Office of Professional Medical Conduct, a state agency that is part of the New York State Department of Health.

The following allegations are taken from the amended complaint, which is not a model of clarity.[2] In an OPMC hearing,[3] Defendants discriminated against Plaintiff

> as a minority in confrontation with government authorities . . . and treated her suspiciously, refused to postpone her hearing when she was seriously ill and thus could not attend and decided without giving her due process, then denied her trial on her case when she recovered, co-opted all others against her, refused her attorney's continuous demands to schedule a hearing so Plaintiff can testify on her own behalf and clear her name and against them and in the ultimately insult to injury dismissed every attempt plaintiff or her counsel made to effect a hearing a futile effort by their ultimate use of total silence like Plaintiff does not exist and yet kept the false information about the incident in public record refusing to remove it and refusing Plaintiff due process in the most outrageous form of civil right violation.

(*Id.* at 3.)

Plaintiff repeatedly refers to "false information" in her "public files." (*See id.* at 4.) By "dissipating" such information "to others without cause and due process," Defendants put Plaintiff's "professional and personal life in mortal danger with known and unknown adversaries who now have this false fodder to feed off and thus blocking Plaintiff from all professional opportunities with this lurking in her record." (*Id.*) Defendants gave this false information "to DEA when they inquired during Plaintiff's renewal of her DEA number," and the DEA "now wants to force Plaintiff to sign an MOA that this falsehood in Plaintiff's record is the truth as the only condition they can assign her a DEA number." (*Id.*) She seeks to "force OPMC to remove the false information and compensate her for the same." (*Id.* at 5.)

As "background for all these harassments," Plaintiff describes an incident in which Englewood, New Jersey Police Officers assaulted her son, after which he was hospitalized in

---

[2] Plaintiff filed the original complaint on February 11, 2021, and on March 8, 2021, she filed an amended complaint. The amended complaint is the operative pleading.

[3] Plaintiff does not specify the date, location, or nature of the OPMC hearing.

Englewood Hospital.[4] (*Id.*) Plaintiff alleges that the officers also threw her to the floor "and under this brutality and assault Plaintiff suffered a stroke." (*Id.*) In a "massive cover up" the officers, the city of Englewood, and Englewood Hospital staff filed false reports and committed perjury. (*Id.*) Plaintiff maintains that Englewood Police Officer Quirk continues to harass and intimidate her through "attempted murder, attempted rape[,] attempted pedophilia, tree and shrub poisoning, harassment and premeditated fake emergency orchestrated in order to murder Plaintiff in her home and then lie and cover up." (*Id.* at 6.)

Plaintiff further alleges that Bergen County (New Jersey) Superior Court Judge Liliana DeAvila Silebi, the judge "assigned to the case," was "extremely corrupt and prejudiced." (*Id.*) Judge Silebi "took no remedy to prosecute these police officers or the City of Englewood, even letting them promote Police Officer Christopher Quirk to detective equipping him with all the tools of government with which [he] continued to track, harass and carry out a terrorist campaign against the Plaintiff and her family." (*Id.*)

While Plaintiff was recovering from spinal surgery, "New York State Medicaid . . . went into [P]laintiff's record and falsely claimed that they terminated Plaintiff and willfully lied and criminally misled the government as if there is something Plaintiff did even though Plaintiff was out ill and not practicing or billing Medicaid." (*Id.* at 7.)

OPMC then "ratcheted up their attack on Plaintiff" and insisted on holding a hearing regarding "the false report they got from St. Barnabas hospital." (*Id.*) OPMC refused to adjourn the hearing and ruled against Plaintiff. Since then, "every attempt made by Plaintiff and her

---

[4] The assault on Plaintiff's son has been the subject of multiple lawsuits in the United States District Court for the District of New Jersey. *See Ezekwo v. City of Englewood*, No. 2:20-CV-0480 (SDW) (LDW) (D. N.J. Oct. 15, 2020); *City of Englewood v Ezekwo*, No. 2:20-CV-12799 (SDW) (LDW) (D. N.J. filed Sept. 17, 2020); *Ezekwo v. Quirk*, No. 2:15-CV-3167 (SDW) (LDW) (D. N.J. Mar. 31, 2017).

counsel to obtain a hearing or reversal of the adverse and false information OPMC ultimately put in Plaintiff's public record was stonewalled and denied." (*Id.*) Plaintiff maintains that OPMC insists on keeping the "false record" in order to help the city of Englewood "by creating a record for her and to humiliate and track her." (*Id.* at 8.)

Plaintiff asserts that Defendants "are now without giving Plaintiff notice of a hearing in the proceeding, want to take away Plaintiff's reputation and employability and keep insulting Plaintiff with the false information, insisting now via DEA that Plaintiff must now sign as true the false information while they are still refusing Plaintiff the hearing to prove Plaintiff's innocence." (*Id.*) Plaintiff maintains that Defendants' "abuse of power [and] abuse of process" violates her civil rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. (*Id.*)

Plaintiff seeks money damages and injunctive relief directing Defendants to, among other things,

> immediately put Plaintiff's cases on the trial calendar to adequately address the depth and breadth of the atrocities Plaintiff endured under OPMC and its Enforcement officers and Department of health workers acting narcissistically has totally put Plaintiff's professional life in danger and damaged her reputation and opportunities and it is OPMC and their allied Defendants and waging secret war against the Plaintiff in collusion and have methodically decided to frustrate Plaintiff's attempt at justice at every corner while still keeping the false information in her professional record.

(*Id.* at 9.)

## DISCUSSION

**A.    Rule 8 of the Federal Rules of Civil Procedure**

The amended complaint fails to comply with Rule 8's requirement that it include a "short and plain statement" showing that Plaintiff is entitled to relief. The Court has carefully reviewed the amended complaint and is unable to discern what claims Plaintiff is trying to assert. The

Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted.

**B.      Claims under 42 U.S.C. § 1983**

Because Plaintiff asserts that Defendants violated her constitutional rights, the Court construes her claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**C.      Eleventh Amendment Immunity**

The Court must dismiss Plaintiff's § 1983 claims for money damages against the New York State OPMC, Department of Health, "DEA New York State," and "New York State Medicaid." "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the New York State OPMC, Department of Health, "DEA New York State," and "New York State Medicaid" are therefore barred by the Eleventh Amendment and are dismissed.

**D.      Sovereign Immunity**

The Court must dismiss Plaintiff's claims against the "DEA USA" and the "US Dept of Justice," which the Court construes as claims against the United States Drug Enforcement

7

Administration and the United States Department of Justice. Sovereign immunity generally bars federal courts from hearing suits against the United States, including its agencies and employees acting in their official capacities, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff purports to assert claims against the United States Drug Enforcement Administration and the United States Department of Justice. But Plaintiff has not sought relief under any statute that waives sovereign immunity.[5] Because Plaintiff sues United States agencies without identifying any basis for a waiver of sovereign immunity, Plaintiff's claims against these defendants are barred by sovereign immunity and must be dismissed.[6]

---

[5] The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees, but it does not waive the sovereign immunity of the United States for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Moreover, a tort claim under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim accrues, or it is time-barred. 28 U.S.C. § 2401(b).).

[6] To the extent Plaintiff seeks to assert claims against these defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), those claims must also be dismissed because *Bivens* relief is not available against the United States or federal agencies. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency or against federal officials in their official capacities).

### E.     Absolute Judicial Immunity

The Court must dismiss Plaintiff's claims against Judge Silebi under the doctrine of absolute judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff's claims against Judge Silebi arise from actions Judge Silebi took while presiding over a case in the Bergen County Superior Court. The Court therefore dismisses Plaintiff's claims against Judge Silebi as barred under the doctrine of judicial immunity.

### F.     State Action

The Court must also dismiss Plaintiff's § 1983 claims against St. Barnabas Hospital, the "Director of Medical Staff" at St. Barnabas, and Englewood Hospital. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute,

9

ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants St. Barnabas Hospital, the "Director of Medical Staff" at St. Barnabas Hospital, and Englewood Hospital are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

**G.    Personal Involvement**

Plaintiff fails to allege facts suggesting the personal involvement of Defendants Bill Fridell, the New York State Commissioner of Health, the New York State Inspector General, Roy Nemerson, Jonathan Rivera, Juana M. Hill, Paula Breen, or Dara Govan. To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how these defendants were personally involved in the events underlying her claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted.

## H. Claims Against Englewood Police Officers

Plaintiff asserts claims against the City of Englewood, New Jersey; the Englewood Police Department; and Englewood Police Officers Christopher Quirk, Thornton White, and Michael Christiansen, apparently arising out of the alleged assault of Plaintiff's son and other alleged harassment. To the extent that the events giving rise to Plaintiff's claims against these defendants occurred in Englewood, New Jersey, venue for Plaintiff's claims is not appropriate in this Court. Englewood, New Jersey, is located in the District of New Jersey. *See* 28 U.S.C. § 110. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

If an action is filed with the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer.

*See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Because Plaintiff has previously filed a number of actions against these same defendants in the District of New Jersey, including at least one action that is currently pending, the Court declines to transfer her claims against these defendants.[7]

## I.     Frivolousness

Finally, the Court notes that Plaintiff's claims are borderline frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Many of Plaintiff's factual allegations are incredible and it is unclear on what, if any, legal theory Plaintiff bases her claims. Moreover, Plaintiff has a history of filing claims in federal court that lack a basis in fact or law. *See, e.g.*, *Ezekwo v. City of Englewood*, No. 2:20-CV-0480, ECF 23, at 8-9 (D. N.J. Sept. 10, 2020) (finding that Plaintiff's allegations against the City "fall[] far short of adequately specifying what cognizable causes of action are actually being asserted"

---

[7] Plaintiff and her son previously settled a claim, brought in the District of New Jersey, against the City of Englewood and officers Quirk, Christiansen, and White arising from the assault in Englewood that Plaintiff references in the amended complaint. *See Ezekwo v. Quirk*, No. 2:15-CV-3167 (SDW) (LDW) (D. N.J. Mar. 31, 2017). Enforcement of that settlement against Plaintiff is also the subject of a pending action filed by the City of Englewood against Plaintiff, and in which Plaintiff has filed counterclaims. *See City of Englewood v Ezekwo*, No. 2:20-CV-12799 (SDW) (LDW) (D. N.J. filed Sept. 17, 2020).

and describing the complaint as "a dense thicket of incomprehensible assertions . . . [and] allegations about a sweeping conspiracy against [Plaintiff that] surpass all credulity" (quotation marks and citation omitted; alterations in original)).

**J.      Leave to Replead**

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because it is not clear whether Plaintiff can state any viable claims, the Court grants Plaintiff leave to replead within 30 days of the date of this order.

If Plaintiff chooses to file a second amended complaint, the Court strongly encourages her to ask for assistance from someone who can help her organize her thoughts and claims. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The second amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff should name only those defendants who were personally and directly involved in violating her rights, and she must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for a defendant, Plaintiff must provide it. Plaintiff should include:

a)  the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint. The Court nevertheless advises Plaintiff that, to comply with Rule 8, a "short and plain" statement of her claims against Defendants is required.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's amended complaint is dismissed for failure to state a claim for relief and as barred by the doctrines of absolute judicial immunity, Eleventh Amendment immunity, and sovereign immunity. The Court grants Plaintiff 30 days' leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 21-CV-1274 (LTS). A Second Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good

cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated: April 19, 2021
       New York, New York

                                           /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ (____)

**SECOND AMENDED COMPLAINT__**

Jury Trial:   ☐ Yes    ☐ No
(check one)

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                        1

Defendant No. 1    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 2    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

      ☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
      _____
      _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____
      Defendant(s) state(s) of citizenship _____
      _____

*Rev. 12/2009*                                  2

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____

| What happened to you? | _____ |
| Who did what? | _____ |
| Was anyone else involved? | _____ |
| Who else saw what happened? | _____ |

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

        Signature of Plaintiff _____

        Mailing Address _____

                _____

                _____

        Telephone Number _____

        Fax Number *(if you have one)* _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff: _____

        Inmate Number _____

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



