UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. IFEOMA EZEKWO, MD,

                Plaintiff,

-against-

OPMC (OFFICE OF PROFESSIONAL
MISCONDUCT) NEW YORK, ET AL.,

                Defendants.

21-CV-1274 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, brought this action alleging that Defendants violated her rights. By order dated April 19, 2021, the Court dismissed the amended complaint for failure to state a claim for relief and as barred by the doctrines of absolute judicial immunity, Eleventh Amendment immunity, and sovereign immunity, but granted Plaintiff leave to file a second amended complaint. (ECF 5.) Plaintiff filed a second amended complaint on June 18, 2021, and the Court has reviewed it.[1] The Court dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82

---

[1] In addition to filing the second amended complaint in this action, Plaintiff also filed an identical complaint as a new civil action in this Court. *See Ezekwo v. OPMC*, ECF 1:21-CV-5426, 2 (S.D.N.Y.). By order dated July 22, 2021, the Court dismissed the complaint in that action without prejudice as duplicative of the second amended complaint filed in this action. ECF 1:21-CV-5426, 2.

(2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The allegations in the second amended complaint are largely identical to the allegations presented in the amended complaint. In fact, most allegations in the amended complaint appear to be reproduced verbatim in second amended complaint. Those allegations were summarized in the April 19, 2021 order of dismissal and the Court will not repeat them here. (ECF 5, at 2-6.)

But in addition to these allegations against the original named defendants, Plaintiff now alleges that the undersigned is biased against her, and has added the undersigned as a Defendant. Her allegations as to bias are based on the Court's prior rulings in this case and in another action that Plaintiff filed in this Court, *Ezekwo v. St. Philip Neri, Catholic Church*, ECF 1:20-CV-9505 (S.D.N.Y. Apr. 26, 2021). Plaintiff alleges that because of the Court's previous rulings, she has "every reason to know that Judge Swain is prejudiced about this case" and is "carrying over a prejudice" from Plaintiff's previous case "against the Catholic Church." (ECF 6, at 3.) Plaintiff maintains that the undersigned "has a vested interest in dismissing all Plaintiff's cases like a catholic Headmistress with a cane standing at the court door screaming at Plaintiff, GO NO FURTHER." (*Id.*) She asserts that the Court's dismissal of her actions does not serve justice, but instead "only shows the underbelly of deep corruption that is now pervading the judiciary to deny Justice Plaintiff who has been harmed." (*Id.*)

Plaintiff requests that the undersigned recuse herself from this case. (*Id.*)

## DISCUSSION

**A.     Motion to Recuse**

The Court construes Plaintiff's addition of the undersigned as a Defendant and her allegations against the undersigned in the second amended complaint, which are joined with a request for recusal, as a motion for recusal. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent

3

recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

While a judge is generally required to disqualify herself when she "is a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge." *Tamburro v. City of East Providence*, 981 F.2d 1245 (Table), 1992 WL 380010, at *1 (1st Cir. 1992) (quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table)); *see also DiMartino v. Pulice,* No. 3:16-CV-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) ("The statute governing recusal . . . appears to mandate recusal . . . when a judge is a party to . . a proceeding[.] However, it is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him." (quotation marks and

citations omitted) (collecting cases)); *Bauerle v. U.S. Dep't of Health & Hum. Servs.*, No. 12-CV-0532, 2014 WL 3658670, at *2 (D. Ariz. July 23, 2014) (recusal inappropriate where plaintiff sued judge in same action based on judge's prior rulings), *aff'd*, 689 F. App'x 502 (9th Cir. 2017).

These principles apply when a litigant names the judge in an amended complaint, perhaps in an effort to obtain the judge's disqualification: "A judge who is named in an amended complaint is not required to disqualify him or herself unless there is a legitimate basis for suing the judge." 32 Am. Jur. 2d Fed. Courts § 92; *see also Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to the case. That is arrant judge-shopping.")

Here, Plaintiff fails to allege any facts suggesting that the Court's impartiality might be reasonably questioned. Plaintiff instead argues that the Court's prior rulings indicate that the Court is biased against her. But a judge's prior rulings are not a valid basis for recusal. *See Liteky*, 510 U.S. at 555 (citation omitted).

Nor does Plaintiff's addition of the undersigned as a defendant in the second amended complaint require recusal. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that "in any action brought against a judicial officer for an act or omission

5

taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff's allegations against the undersigned arise from actions the Court took in the scope of its judicial responsibilities, and Plaintiff's claims are therefore barred by the doctrine of absolute judicial immunity. Because there is no legitimate basis for Plaintiff's claims against the Court, Plaintiff may not obtain disqualification of the undersigned by adding her as a defendant in the second amended complaint.

The Court therefore declines Plaintiff's motion for recusal and dismisses Plaintiff's claims against the undersigned as barred by the doctrine of absolute judicial immunity and as frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490 U.S. at 327)); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### B.     Plaintiff's remaining claims

Plaintiff's remaining claims are essentially identical to the claims asserted in the amended complaint. The Court therefore dismisses Plaintiff's remaining claims for failure to state a claim for relief, and as barred by the doctrines of absolute judicial immunity, Eleventh Amendment immunity, and sovereign immunity for the same reasons stated in its April 19, 2021, order of dismissal. (*See* ECF 5.)

### C.     Further leave to amend is denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**D.     Warning**

The Court noted in its April 19, 2021 order of dismissal that many of Plaintiff's claims appeared to "lack[] an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and were therefore borderline frivolous. (*See* ECF 5, at 12.) The Court also noted that Plaintiff has a history of filing frivolous claims in federal courts. Rather than amending her claims to comply with the Court's order, Plaintiff instead submitted a second amended complaint repeating the deficient claims put forth in her earlier pleading and also adding frivolous claims against the undersigned. Moreover, Plaintiff filed a complaint in a new civil action that is identical to the second amended complaint she submitted in this action. *See Ezekwo v. OPMC*, ECF 1:21-CV-5426, 1 (S.D.N.Y. filed June 19, 2021).

Plaintiff is warned that continued submission of frivolous documents may result in imposition of sanctions, including filing restrictions and monetary sanctions. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court denies Plaintiff's motion for recusal and dismisses Plaintiff's claims against the undersigned as barred by the doctrine of absolute judicial immunity and as frivolous.

The Court dismisses the entire second amended complaint for failure to state a claim on which relief may be granted and as barred by the doctrines of absolute judicial immunity, Eleventh Amendment immunity, and sovereign immunity.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 23, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge